**Yong Fen CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 04–2576–AG.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Jennifer Aldrich, Assistant United States Attorney, Columbia, South Carolina, Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Yong Fen Chen petitions for review of the BIA's April 2004 decision affirming an immigration judge's ("IJ's") final order of removal. The IJ held that Chen was unable to establish eligibility for asylum, withholding of removal, or relief under the CAT. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ First, the IJ found Chen's testimony lacked sufficient detail, particularly

when responding to the fact that he had failed to provide supporting affidavits. Chen testified that he did not provide supporting affidavits because he either did not know he had to or because the Chinese postal service checks outgoing mail. However, in light of the fact that Chen submitted a letter from an individual who stated that she joined Falun Gong because of Chen and that that letter came from China, the IJ reasonably concluded that Chen's explanations were insufficient. The IJ also properly determined that Chen was not credible because of the discrepancy between his testimony and the statements he made during the airport interview. During his airport interview, Chen failed to mention his association with Falun Gong. When confronted with this contradiction, Chen testified that he was frightened and sad. However, because Chen was warned of the importance of stating the truth, the IJ reasonably rejected for his lie. The discrepancies between Chen's interview and his testimony before the IJ are central to Chen's claim of persecution. Although the IJ failed to comply with the requirements of *Ramsameachire*, Chen voluntarily admitted the fact that he lied during his airport interview. Therefore, the IJ's failure to examine the validity of the interview is inconsequential. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004) (holding that "[i]n all cases, the BIA ... should use the airport interview in judging the alien's credibility only after examining the record of the airport proceeding as a whole, in light of the alien's particular circumstances and language ability, and concluding that it represents a reliable source of the alien's statements and actual beliefs."). The IJ, therefore, acted within her discretion as factfinder to consider Chen's explanation inadequate and his testimony incredible.

The IJ also determined that Chen's lack of corroborating evidence regarding his practice of Falun Gong was detrimental to his claim. Specifically, Chen failed to provide any affidavit or witness to support his claims. It is well-settled that an alien need not present evidence to corroborate his personal experiences in order to be credible, and lack of corroboration alone is not a sufficient basis for denying a claim when testimony is credible, specific, and detailed. *See Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000); *see also* 8 C.F.R. § 1208.13(a) (2005). Although the IJ's lack of corroboration finding would not support an adverse credibility determination standing on its own, because it is combined with other findings substantially supported by the record and going to the heart of the claim for relief, it is a proper factor upon which to base the overall adverse credibility finding.

Because the IJ correctly concluded that Chen was not credible and therefore unable to meet his burden of proof for asylum, it necessarily follows that he was also unable to meet the higher burden of proof for withholding of removal, because his testimony was the only evidence that his life or freedom would be threatened. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Chen does not argue his CAT claim in his petition for review to this Court. Issues not raised in briefs are considered waived and will not normally be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.